UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                             )<br>            Plaintiff,              )<br>                                                             )<br>v.                                                         )<br>                                                             )<br>WILLIAM JASON SYWAK,             )<br>                                                             )<br>            Defendant.          )  | Docket No.: 0090 1:21-cr-00494-002 |

**DEFENDANT WILLIAM JASON SYWAK'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

William Jason Sywak, through undersigned counsel, submits this response to the government's sentencing memorandum filed on May 27, 2022.

I.   **The Government's Sentence Recommendation**

Generally speaking, the penalty for individuals convicted of B misdemeanors who work full-time to financially support their family and have no criminal history, is a probationary sentence. In contrast, the Government asks for incarceration because Mr. Sywak appeared eager to attend the rally, took photographs and video, and shared his experiences with others during and after the events. Importantly, the Government has been inconsistent in their requested sentences in these cases stemming from the events of January 6, 2021; requesting probation in many and incarceration in others. To date, of the approximately 137 defendants sentenced for a violation of 40 U.S.C. § 5104(e)(2)(G), at least 87 have been sentenced to probationary sentences

with varying degrees of conditions of release. Given the nature and circumstances of the offense and Mr. Sywak's history and characteristics, a probationary sentence is commensurate with the need to reflect the seriousness of the offense. While the totality of what occurred on January 6, 2021 was serious, Mr. Sywak's role was minor and he caused no direct harm. The government's attempts to characterize his behavior as far more egregious does not alter the facts of what occurred. He entered the Capitol with his father, without permission and has plead guilty before this Court. He was non-violent and participated in no destruction of property, and he did not encourage others to engage in violent or destructive behaviors.

Mr. Sywak remains ashamed and embarrassed by his conduct and his participation in the events of January 6th. We ask the Court to sentence him in a manner which accounts for his conduct, but appropriately take into account his history and characteristics, and submit that a non-incarceration sentence is sufficient but not greater than necessary to accomplish the needs of sentencing. Neither specific deterrence nor general deterrence suggest a need for an incarceration sentence. The public needs no protection from this young man who is the sole provider for his family, and who has no criminal history.

## II. A Period of Incarceration Followed by a Period of Probation is Impermissible

In its sentencing memorandum submitted to the Court, without any prior notice in the written plea documents, the government now claims that Mr. Sywak can be sentenced to a period of incarceration followed by a period of probation. See Gov't Sent. Memo at 31-40. Contrary to the government's assertion, the Court is not authorized to impose both a sentence of incarceration and a sentence of probation in this case, and doing so would raise significant

constitutional concerns.  18 U.S.C. § 3551; *see United States v. Torrens*, No. 21-cr204 (BAH), ECF No. 110 & 125 (Chief Judge Howell chose to not impose such a sentence after briefing provided to the Court).

The plea agreement nowhere indicates or notifies Mr. Sywak that he may be subject to both 6 months of incarceration *and* 5 years of probation.  A correct reading of the relevant statutes and the legislative history, as discussed in the defense pleadings in *Torrens*, make it clear that a district court has a dichotomous choice: it can either sentence the defendant to imprisonment up to six months, or it can sentence the defendant to probation for up to five years.  Where, as here, there is solely one single petty offense, the statute precludes a combined probationary and a sentence of incarceration.

The Office of the Federal Public Defender recently filed an Amicus brief in *United States v. Caplinger*, 21-CR-342 (PLF) that addresses these arguments in further detail as well as explaining why the rest of the cases the government cited in this case and *Caplinger* are not applicable to the instant issue. *See* ECF No. 53 attached as Exhibit A.  Mr. Sywak adopts the same arguments made in *Caplinger* and requests that the Court reject the government's proposition that a petty offense can include a sentence of incarceration followed by a period of supervision.

The Office of the Federal Public Defender also recently submitted a supplemental brief in *United States v. Dominick Madden*, 21-CR-55 (EGS) in order to address the memorandum opinion issued in *United States v. Little*, 1:21-CR-315 (RCL), ECF No. 43, where the court justified its decision for imposing a split sentence and upon which the government relies here.  A copy of that filing is annexed hereto as Exhibit B.  For all of the same reasons discussed in those pleadings, a split sentence for a petty offense would be an illegal sentence.

### III.     Intermittent Time as a Condition of Probation is Also Impermissible

The government also suggests that the Court may impose one or more intervals of imprisonment as a condition or probation so long as it is a "brief period" of no more than a "week or two." See Gov. Memo at 39 (citing U.S. v. Mize, 1998 WL 160862). However, it is not permissible as it is unclear at what point an "interval of time" effectively becomes a "term of imprisonment" and therefore would constitute an unauthorized sentence of both imprisonment and probation. Cf. 18 U.S.C. §3583(d) (term of intermittent confinement pursuant to §3563(b)(10) may be imposed only for a violation of condition of supervised release). A sentence of "intermittent confinement" as a condition of probation for a petty offense raises significant issues and potential constitutional issues. *See United States v. Voda*, 994 F.2d 149, 151 n.2 (5th Cir. 1993) ("Voda expressly waived any argument that imposition of sixty days' confinement served over sixty day period is "imprisonment," as opposed to intermittent confinement, and thus a violation of section 3562"); *United States v. Baca*, 2011 WL 1045104 (C.D. Cal. March 18, 2011) supra at *2 (45 day condition of confinement violates statute).

## CONCLUSION

For the reasons outlined in Mr. Sywak's Sentencing Memorandum filed May 27, 2022, and the additional reasons discussed above, Mr. Sywak requests that the Court reject the government's recommendation and impose a sentence of probation.

Dated: Buffalo, New York
June 3, 2022

Respectfully submitted,

s/MaryBeth Covert

_____

MaryBeth Covert
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
marybeth_covert@fd.org
*Counsel for Defendant Michael Jason Sywak*

TO: EMILY ALLEN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF ALASKA
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513